UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASNEEM L. MOHAMED,<br><br>         Plaintiff,<br><br>v.<br><br>KELLOGG COMPANY,<br><br>         Defendant. | Case No.: 14cv2449-L (MDD)<br><br>**ORDER LIFTING STAY** |

  On January 6, 2016, the Court granted Joint Motion to Stay Case Pending the Ninth Circuit's Resolution of Pending Appeals in Similar False Food Labeling Cases. The parties were ordered to notify the Court when lifting the stay would be warranted. When no activity occurred through October 30, 2017, the Court issued an Order to Show Cause ("OSC"), directing the parties to show cause why the stay should not be lifted. In their respective responses, the parties disagreed regarding further necessity for a stay, with Defendant arguing for the stay to continue, and Plaintiff arguing it should be lifted. In light of the dispute, the Court requested briefing. Upon review of responses to the OSC and further briefing submitted by both parties, the stay is lifted.

  Plaintiff filed a putative consumer class action alleging violation of California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.*, Consumer Remedies Act, Cal. Civ. Code § 1750

1

*et seq.*, and breach of express warranty. He alleges that Defendant's representations on its Gardenburger product, that it is "made with natural ingredients" is false and misleading because it includes hexane processed soy ingredients. (Compl. at 4-6.) Defendant's primary jurisdiction argument is based on the premise that the federal Food and Drug Administration ("FDA") is conducting an "active regulatory review of the use of the word 'natural' in food labeling." (Def.'s Resp. to OSC at 1.)

The case was initially stayed based on a joint request to await the decisions in *Brazil v. Dole Food Company, Inc., Jones v. ConAgra Foods, Inc.*, and *Kosta v. DelMonte Foods, Inc.*, which were pending before the Ninth Circuit Court of Appeals. Plaintiff argues stay should be lifted because all three cases had been resolved, while Defendant presents a new argument that the stay should continue based on *Kane v. Chobani, LLC,* 645 Fed. Appx. 593 (9th Cir. 2016), [1] under the primary jurisdiction doctrine.

The primary jurisdiction doctrine allows courts to stay a case "pending the resolution of an issue within the special competence of an administrative agency." *Clark v. Time Warner Cable,* 523 F.3d 1110, 1114 (9th Cir. 2008). It does not preclude federal subject matter jurisdiction. *Id.* It is a prudential doctrine, "under which a court determines that an otherwise cognizable claim implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry rather than by the judicial branch." *Id.* In *Kane*, the appellate court ordered a primary jurisdiction stay of a case alleging, among other things, that the use of the word "natural" in connection with the labeling and sale of Chobani brand yoghurt was misleading. *Kane,* 645 Fed. Appx. at 594.

---

[1] Pursuant to Federal Rule of Appellate Procedure 32.1 and Ninth Circuit Rule 36-3, unpublished dispositions such as this are not precedential, but may be cited if issued after January 1, 2007.

Four factors must be examined to determine whether the primary jurisdiction doctrine applies:

> (1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration.

*Astiana v. Hain Celestial Group, Inc.,* 783 F.3d 753, 760 (9th Cir. 2015) (internal quotation marks and citation omitted); *see also Clark,* 523 F.3d at 1115.

It may seem at first that the factors favor stay of the pending case. *See Kane,* 645 Fed. Appx. at 594 ("The delineation of the scope and permissible usage of the term[] 'natural' . . . in connection with food products implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry rather than by the judiciary branch.") (internal quotation marks and citations omitted)).

However, the doctrine applies only in a limited set of cases. *Clark,* 523 F.3d at 1114.

> [T]he doctrine is not designed to secure expert advice from agencies every time a court is presented with an issue conceivably within the agency's ambit. Instead, it is to be used only if a claim requires resolution of an *issue of first impression*, or of a particularly complicated issue . . ., and if protection of the integrity of a regulatory scheme dictates preliminary resort to the agency which administers the scheme.

*Id.* (internal quotation marks and citations omitted, emphasis added); *see also Astiana,* 783 F.3d at 760. Furthermore, "courts must . . . consider whether invoking primary jurisdiction would needlessly delay the resolution of claims. . . . [E]fficiency is the deciding factor in whether to invoke primary jurisdiction." *Astiana,* 783 F.3d at 760 (internal quotation marks and citations omitted). Accordingly, "primary jurisdiction is

not required when referral[2] to the agency would significantly postpone a ruling that a court is otherwise competent to make." *Id.* at 761. Even as it ordered the case stayed, *Kane* noted that "the duration of the stay remains within the sound discretion of the district court." 645 Fed. Appx. at 595 n.1. The case way stayed only because as of March 16, 2016, it appeared that the action would not be needlessly delayed. *Id*. at 594.

None of the foregoing considerations counsels continuing the stay of this action. The use of the word "natural" in food labeling is not an issue of first impression. The FDA has "a longstanding policy for the use of the term 'natural' on the labels of human food."[3] (Def.'s Ex. 2, attaching 80 FR 69905-01 at 69906 (Nov. 12, 2015) (citations omitted).)

Alternatively, whether the use of a word in consumer advertising is misleading is not a "particularly complicated issue." *See Clark,* 523 F.3d at 1114. It is "not a technical area in which the FDA has greater technical expertise than the courts -- every day courts decide whether conduct is misleading." *Lockwood v. ConAgra Foods, Inc.,* 597 F. Supp. 2d 1028, 1035 (N.D. Cal. 2009).

---

[2] "Referral" is "not the most accurate term" to describe what happens while an action is stayed pursuant to the primary jurisdiction doctrine. *Clark,* 523 F.3d at 1115 n.9 (internal quotation marks and citations omitted). "Most statutes do not authorize courts to *require* an agency to issue a ruling." *Id*. (emphasis in original). "In practice, this means that the court either stays proceedings or dismisses the case without prejudice, so that the parties may seek an administrative ruling." *Id*. at 1115.

[3] Under this policy, the FDA and has not attempted to restrict the use of the term "natural," "except for added color, synthetic substances, and flavors under §101.22." The FDA considers the term "natural" "to mean that nothing artificial or synthetic (including colors regardless of source) is included in, or has been added to, the product that would not normally be expected to be there." (Def.'s Ex. 2, attaching 80 FR 69905-01 at 69906 (Nov. 12, 2015) (citations omitted).)

4

It is also not an issue which should be left for FDA decision in the pending case in order to protect "the integrity of a regulatory scheme." *See Clark,* 523 F.3d at 1114. The FDA itself has not decided whether to define the term "natural" in food labeling at all.

Finally, so far the progress of the FDA's deliberations on the matter have proceeded at a glacial pace. In 1991, the FDA stated it was considering establishing a definition of the term "natural," and invited comments. *See* 80 FR 69905-01 at 69906. Subsequently it noted that

> none of the comments provided . . . specific direction to follow for developing a definition[, and it therefore] would not be engaging in rulemaking to define "natural," but . . . would maintain [its] policy not to restrict the use of the term "natural" except for added color, synthetic substances, and flavors.

*Id*. (internal quotation marks, brackets, and citation omitted). In November 2015, the FDA again "invite[d] public comment on the term 'natural' in the context of food labeling." *Id*. at 69905. Specifically, it invited comment on the question, "Should we define, through rulemaking, the term 'natural'?" and "*If* we define the term 'natural,' what types of food should be allowed to bear the term 'natural'?" *Id*. at 69908 (emphasis added). The FDA has not provided any statement regarding public comment on these questions. In the July 17, 2017, appropriations bill, a congressional committee asked the FDA "to provide a report within 60 days . . . on the actions and timeframe for defining 'natural'." (Def.'s Ex. 3 (House Report No. 115-232 (Jul. 17, 2017); 2017 WL 3032439 at \*72.) Defendant has not informed the Court of any report from the FDA regarding the timing of its decision. Accordingly, no assurances are provided that, if further stayed, the resolution of Plaintiff's claims would not be needlessly delayed. *See Astiana,* 783 F.3d at 760.

Although the FDA has been considering defining the term "natural" since 1991, so far, it has not decided whether it will define the term at all. For the foregoing reasons, and because this case has already been stayed for nearly two years, Defendant's request to extend the stay is denied.

5

It is therefore **ORDERED** as follows:

1. The stay is lifted.

2. No later than **January 5, 2018**, the parties shall contact the assigned Magistrate Judge to schedule a case management conference and issue a scheduling order.

Dated: December 22, 2017

_____
Hon. M. James Lorenz
United States District Judge