UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASNEEM L. MOHAMED,<br><br>                  Plaintiff,<br><br>v.<br><br>KELLOGG COMPANY,<br><br>                  Defendant. | Case No.: 14cv2449-L (MDD)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINITFF'S EX PARTE APPLICATION TO FILE DOCUMENTS UNDER SEAL [doc. no. 65]** |

Pending before the Court is Plaintiff's unopposed ex parte application to file under seal the entirety of Exhibits B, C, F and G to Declaration of Samantha A. Smith in Support of Plaintiff's Motion for Class Certification [doc. no. 66]. For the reasons which follow, Plaintiff's application is denied.

Sealing court records implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). The lack of opposition to a motion to seal therefore does not automatically resolve it. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1128, 1130 & *passim* (9th Cir. 2003). Aside from "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation," a strong presumption applies in favor of public access to judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly, a party seeking

to seal a judicial record bears the burden of overcoming the strong presumption of public access by meeting the "compelling reasons" standard. *Id*. at 1178. The compelling reasons standard applies to all motions except those that are only "tangentially related to the merits of a case." *Center for Auto Safety v. Chrysler Grp. LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Plaintiff's motion for class certification is more than tangentially related to the merits. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2552 & n.6 (2011) (although in ruling on class certification the court does not decide the merits of the case, the inquiry overlaps with the merits inquiry); *see also Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (the merits of a plaintiff's substantive claims are often highly relevant in determining whether to grant class certification).

To meet its burden, the moving party must make a "particularized showing," *Kamakana,* 447 F.3d at 1180 (internal quotation marks and citation omitted) and, further,

> must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id.* at 1178-79 (internal quotation marks, brackets and citations omitted).

Plaintiff's request is based solely on a stipulated protective order, and Plaintiff's counsel "takes no position on the bona fides of Defendant's designation of . . . documents as [c]onfidential," although he alludes to "sensitive business matters" and "Defendant's

14cv2449-L (MDD)

research and marketing strategies that could be used by competitors to gain an[] unfair advantage." (Ex Parte App. at 2-3.) This falls short of a "particularized showing" and is an insufficient basis for the Court to "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *See Kamakana*, 447 F.3d at 1180, 1179.

For the foregoing reasons, Plaintiff's ex parte application is denied. Denial is without prejudice to refiling the application with appropriate legal support and a particularized explanation of compelling reasons. Any such application shall also be narrowly tailored. The Court is not inclined to seal the exhibits in their entirety, but only the portions supported by a particularized showing of compelling reasons.

**IT IS SO ORDERED**.

Dated: July 24, 2018

Hon. M. James Lorenz
United States District Judge