# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASNEEM L. MOHAMED,<br><br>                      Plaintiff,<br><br>v.<br><br>KELLOGG COMPANY,<br><br>                      Defendant. | Case No.: 14-cv-2449-L-MDD<br><br>**ORDER GRANTING IN PART DEFENDANT'S APPLICATION TO FILE UNDER SEAL [doc. no. 75]** |

Pending before the Court is Defendant's unopposed application to file under seal a portion of Exhibit 2 and entirety of Exhibits 6, 7 and 9 to Declaration of Kenneth K. Lee (doc. no. 77-3) and portions of Defendant's memorandum of points and authorities in opposition to Plaintiff's motion for class certification. For the reasons which follow, Defendant's application is granted in part and denied in part.

Sealing court records implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). The lack of opposition to a motion to seal therefore does not automatically resolve it. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1128, 1130 & *passim* (9th Cir. 2003). Aside from "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation," a strong presumption applies in favor of public access to judicial records. *Kamakana v. City and*

*County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly, a party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access by meeting the "compelling reasons" standard. *Id.* at 1178. The compelling reasons standard applies to all motions except those that are only "tangentially related to the merits of a case." *Center for Auto Safety v. Chrysler Grp. LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Plaintiff's motion for class certification, which Defendant seeks to oppose in part through documents it wants to have sealed, is more than tangentially related to the merits. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2552 & n.6 (2011) (although in ruling on class certification the court does not decide the merits of the case, the inquiry overlaps with the merits inquiry); *see also Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (the merits of a plaintiff's substantive claims are often highly relevant in determining whether to grant class certification).

To meet its burden, the moving party must make a "particularized showing," *Kamakana,* 447 F.3d at 1180 (internal quotation marks and citation omitted) and, further,

> must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.
>
> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id.* at 1178-79 (internal quotation marks, brackets and citations omitted).

Defendant's request is based primarily on a stipulated protective order. This is insufficient to meet the compelling reasons test or make a "particularized showing." *See Kamakana*, 447 F.3d at 1180, 1179.

However, upon review of the redacted portions of the opposition brief, and Exhibits 2, 6, and 9, it is apparent that they constitute or are based on Defendant's consumer surveys and internal studies which it seeks to shield from competitors. The trade secret nature of these documents is sufficient to meet the compelling reasons standard. Accordingly, Defendant's application is granted as to the memorandum of points and authorities and Exhibits 2, 6 and 9.

The request to seal Exhibit 7 is based solely on the representation that Defendant obtained it from a third party and promised to keep it confidential. (*See* doc. no. 75-1 (Decl. of Kenneth K. Lee in Supp. of App. to File Under Seal) at 2.) The document is a letter from the United States Department of Agriculture to Solae, LLC regarding the labeling of certain of Solae's products. No reason, other than the confidentiality agreement between Defendant and Solae, is provided to support the sealing of this letter. In this regard, Defendant has not met the compelling reasons standard, and its application is denied as to Exhibit 7. The Court will not consider Exhibit 7 or any redacted corresponding portion of the memorandum of points and authorities, unless publicly filed or sealed pursuant to a renewed motion supported by an appropriate showing.

For the foregoing reasons, Defendant's application to seal is granted in part and denied in part. The Clerk is directed to file under seal Defendant's memorandum of points and authorities as well as Exhibits 2, 6 and 9 to the declaration of Kenneth K. Lee in opposition to Plaintiff's motion for class certification.

**IT IS SO ORDERED.**

Dated: September 17, 2018

_____
Hon. M. James Lorenz
United States District Judge

3

14-cv-2449-L-MDD