UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASNEEM L. MOHAMED,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>KELLOGG COMPANY,<br><br>　　　　　　Defendant. | Case No. 3:14-cv-02449-L-MDD<br><br>**ORDER DENYING JOINT MOTION TO CONTINUE CLASS CERTIFICATION BRIEFING** |

Pending before the Court in this putative consumer class action alleging false and misleading food labeling is the Joint Motion to Continue Class Certification Briefing Schedule. For the reasons stated below, the motion is denied.

Plaintiff's initial motion to certify a class action was denied without prejudice on March 23, 2019, based on *Comcast Corp v. Behrend,* 569 U.S. 27 (2013), and *Vaquero v. Ashley Furniture Indus.,* 824 F.3d 1150 (9th Cir. 2016), because Plaintiff's proposed model of damages did not meet the predominance requirement of Federal Rule of Civil Procedure 23(b)(3). (Doc. no. 88.) Plaintiff was granted leave to file another class certification motion supported by adequate proof. (*Id.*) Plaintiff timely filed her renewed motion on May 22, 2019. (Doc. no. 89.)

On June 4, 2019, the parties filed a joint motion to extend the time for the opposition and reply briefs to conduct expert discovery because Plaintiff's damages expert had submitted a new report, and both parties wanted to conduct additional expert depositions. (Doc. no. 93.) The joint motion did not explain why the parties did not complete this discovery in the preceding two and a half months. Accordingly, their request was denied. (Doc. no. 94.) They resubmitted their motion. (Doc. no. 95.) While they did not explain their lack of progress to date, they explained the press of business that would prevent them from completing the expert discovery in less than the requested five weeks. Before the Court ruled on this request, they filed another motion, this time seeking an extension of time until October 31, 2019, on the alternative ground that they wanted to attend mediation. (Doc. no. 96.)

Based on the stated intent to pursue mediation, the Court granted the latter request. (Doc. no. 97.) On September 23, 2019, the parties filed another request for an extension of time because the defense counsel could not attend mediation which had been set for August 28, 2019, and the new mediation date was October 9, 2019. They wanted an additional 45 days after mediation to prepare their opposition and reply briefs if the case did not settle. (Doc. no. 99.) The Court granted the request, extending the due date for Defendant's opposition until November 22, 2019, and Plaintiff's reply until January 3, 2020. (Doc. no. 100.)

On October 15, 2019, the parties filed a joint status report informing the Court that the case did not settle in mediation, but they continued their negotiations through the mediator. (Doc. no. 102.) On November 6, 2019, they filed the pending joint motion for an extension of time on the grounds that following the October 9, 2019 mediation, the parties attempted to schedule expert depositions, but could not schedule Plaintiff's expert's deposition until December 2, 2019. They request extending the briefing due dates by a month, with Defendant's opposition due December 20, 2019, and Plaintiff's reply on January 31, 2010. (Doc. no. 103.)

The parties have the burden of showing good cause pursuant to Federal Rule of Civil Procedure 6(b) to warrant the requested extension. They have provided no reason why they have not completed damages expert discovery during the last six months. Surely the expert opinions were relevant for settlement negotiations and would be needed for class action settlement approval, if the case had settled.

The parties have not shown good cause for the requested extension. The Joint Motion to Continue Class Certification Briefing Schedule is denied.

**IT IS SO ORDERED.**

Dated: November 8, 2019

_____
Hon. M. James Lorenz
United States District Judge